UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
NELSON CANALES VENTURA, on behalf of himself and     Civil Action No.:
others similarly situated,

                            Plaintiff,         **CLASS AND**
                                           **COLLECTIVE**
         -against-                  **ACTION COMPLAINT**

ISG 1 INC., CHRISTINE AMOROSO, and
VINCENT AMOROSO, JR.,               **JURY TRIAL REQUESTED**

                        Defendants.
-------------------------------------------------------------------------X

      Plaintiff, Nelson Canales Ventura ("Plaintiff"), on behalf of himself and others similarly

situated, by his attorneys, Law Offices of Yale Pollack, P.C., as and for his Complaint against

Defendants, ISG 1 Inc., Christine Amoroso, and Vincent Amoroso, Jr. (collectively "Defendants"),

alleges as follows:

## PRELIMINARY STATEMENT

      1.    Plaintiff brings this action, on behalf of himself and other current and former

employees similarly situated, to remedy violations of the Fair Labor Standards Act, as amended,

29 U.S.C. §§201 *et seq.* (the "FLSA").  Plaintiff seeks, for himself and other similarly situated

employees, unpaid wages, liquidated damages, reasonable attorneys' fees and costs, and all other

appropriate legal and equitable relief, pursuant to 29 U.S.C. §§216(b) and 217, and other applicable

federal law.

      2.    Plaintiff also brings this action, on behalf of himself and other similarly situated

employees, to remedy violations of New York State Labor Law, including New York Labor Law

§§190 *et seq.*, §§650 et seq. (the "NYLL"), and 12 N.Y.C.R.R. §142-2.2.  Plaintiff seeks, for

himself and all other similarly situated employees, unpaid wages, statutory damages, pre- and post-

judgment interest, reasonable attorneys' fees and costs, liquidated damages and other damages, and all other appropriate legal and equitable relief, pursuant to NYLL §§198, 663.

## JURISDICTION AND VENUE

3.     Jurisdiction of this Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

4.     Jurisdiction of this Court over Plaintiff's NYLL claims is invoked pursuant to 28 U.S.C. §1367(a) as the NYLL claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5.     Venue is appropriate in this Court under 28 U.S.C. §1391(b) as the acts or events giving rise to the claims occurred within Eastern District and the residence of Defendants are within the Eastern District.

## PARTIES

6.     Plaintiff is an individual who resides in the County of Suffolk, State of New York.

7.     At all times herein mentioned, Plaintiff was employed by Defendants, where he worked as a laborer from about June 2019 until December 2021.

8.     Upon information and belief, Defendant ISG 1 Inc. ("ISG") is a domestic corporation authorized to do business in the State of New York, with its principal place of business located in the County of Suffolk.

9.     Upon information and belief, Defendant Christine Amoroso ("Christine") is an owner and/or officer of ISG.

10.     Upon information and belief, Defendant Vincent Amoroso, Jr. ("Vincent") is an owner and/or officer of ISG.

11.     At all relevant time mentioned herein, Christine and Vincent (collectively the

2

"Individual Defendants") had the power to hire, fire, and control the wages and working conditions of Plaintiff, the FLSA Collective Plaintiffs (as defined herein) and the Class Members (as defined herein).

12.     The Individual Defendants had authority to, and did in fact, exercise operational control over ISG.

13.     The Individual Defendants set the manner by which Plaintiff, the FLSA Collective Plaintiffs and the Class Members were to be paid while employed by ISG.

14.     ISG's managers reported to the Individual Defendants.

15.     At all times relevant, Defendants were covered by the FLSA and the NYLL.

16.     Defendants maintained a common policy and practice of, *inter alia*, not paying employees for all hours worked during their employment or otherwise notifying them of their rights under the law.

17.     At all relevant times, Defendants affected commerce within the meaning of 29 U.S.C. §203(b) by producing goods for interstate commerce, or handling, selling, or working on goods or materials that have been moved in or produced for interstate commerce.

18.     Upon information and belief, the gross annual volume of sales made or business done by Defendants was not less than $500,000.

19.     At all relevant times, Defendants were Plaintiff's employers, as well as the employers of FLSA Collective Plaintiffs and the Class Members, within the meaning of the FLSA and the NYLL.

## FACTUAL ALLEGATIONS

20.     Plaintiff worked for Defendants as a laborer from about June 2019 through December 2021.

21.     In his role, Plaintiff generally performed construction work for Defendants in New York City and other counties.

22.     From June 2019 through June 2021, Defendants paid Plaintiff $20.00 an hour for all hours worked.

23.     From July 2021 through December 2021, Defendants paid Plaintiff $22.00 an hour for all hours worked.

24.     From about June 29, 2019 through November 2019, Plaintiff generally worked six days per week for Defendants, being off Sundays.

25.     During the period referenced in the preceding paragraph, Plaintiff would work from 7:00 a.m. until 5:00 p.m. daily.

26.     From about June 29, 2019 through November 2019, Plaintiff generally worked five days per week for Defendants, being off Saturday and Sundays.

27.     During the period referenced in the preceding paragraph, Plaintiff would work from 7:00 a.m. until 4:30 p.m. daily.

28.     From March 2020 through June 2020, Defendants operations ceased, and Plaintiff performed no work for them during this period.

29.     Plaintiff commenced work for Defendants again in July 2020.

30.     From about July 2020 through August 2021, Plaintiff generally worked five days per week for Defendants, being off Saturdays and Sundays.

31.     During the period referenced in the preceding paragraph, Plaintiff would work from 7:00 a.m. until 4:30 p.m. daily.

32.     From about September 2021 through December 2021, Plaintiff generally worked five days per week for Defendants, but also worked one weekend day, Saturday, per month during

this period.

33.     During the weekdays period referenced in the preceding paragraph, Plaintiff would work from 7:00 a.m. until 6:00 p.m. daily.  When working the weekend day, Plaintiff would work from 7:00 a.m. until 12:00 p.m.

34.     A more precise statement of the hours Plaintiff, the FLSA Collective Plaintiff, and Class Members worked, and wages Plaintiff, the FLSA Collective Plaintiff, and Class Members received, may be made when Plaintiff obtains the records in the course of discovery Defendants are required to keep under the NYLL.

35.     On the grounds of equitable tolling, the statute of limitations for all claims asserted by Plaintiff and the putative class members should be tolled due to the failure to provide appropriate and required notice of the law.

## COLLECTIVE ACTION ALLEGATIONS

36.     Plaintiff brings Count One as a collective action pursuant to Section 216(b) of the FLSA, on behalf of himself and others similarly situated, which shall include:

> All persons who work or worked for Defendants in as non-exempt construction workers from three (3) years prior to the filing of the original Complaint in this action through the date of final judgment in this matter who elect to opt-into this action (the "FLSA Collective Plaintiffs").

37.     At all relevant times, Plaintiff and the FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine, and rules to willfully fail and refuse to pay them the legally required overtime wages for all hours worked.

38.     Other similarly situated employees to Plaintiff who were or are employed by

Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other employees who worked for Defendants to receive notice of the action and allow them to opt-in to such an action if they so choose.

39.     Count One is properly brought under and maintained as an opt-in collective action pursuant to Section 216(b) of the FLSA.  The FLSA Collective Plaintiffs are readily ascertainable from records that Defendants are required by law to maintain.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Section 216(b) of the FLSA.

## RULE 23 CLASS ALLEGATIONS

40.     Plaintiff brings Counts Two and Three as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class (the "Class Members") consisting of:

> All persons who work or worked for Defendants as non-exempt construction workers from six (6) years prior to the filing of the original Complaint in this action through the date of final judgment in this matter (the "Class Period").

41.     The Class Members identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such employees is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are believed to be at least forty (40) Class Members during the Class Period.   There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.   The claims of Plaintiff are typical of the claims of the Class Members.

42.     Plaintiff will fairly and adequately protect the interests of the Class Members. A class action is superior to other available methods for the fair and efficient adjudication of the

controversy, particularly in the context of wage and hour litigation where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against defendants.

43.     There are questions of law and fact common to the Class Members which predominate over any questions solely affecting individual Class Members, including whether Defendants failed to pay Plaintiff and Class Members overtime wages and spread of hours pay for all hours worked.

## COUNT ONE
### (Failure to Pay Overtime Wages – FLSA, Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)

44.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all allegations in all preceding paragraphs.

45.     The FLSA requires that employers pay all employees at least one and one-half times the employee's wage for all hours worked in excess of forty during any workweek, unless they are exempt from coverage.

46.     During his employment, Plaintiff and the FLSA Collective Plaintiffs regularly worked overtime, without receiving any premium pay for hours worked in excess of forty per workweek.

47.     At all relevant times, Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages to which he is entitled.

48.     As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Plaintiffs have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts,

liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## COUNT TWO
### (Failure to Pay Overtime Wages – NYLL, Brought by Plaintiff on Behalf of Himself and the Class Members)

49.     Plaintiff, on behalf of himself and the Class Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

50.     The NYLL requires that employers pay all employees at least one and one-half times the employee's wage for all hours worked in excess of forty during any workweek, unless they are exempt from coverage.

51.     Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

52.     At all times relevant, Plaintiff and Class Members have been employees of Defendants, and Defendants have been employers of Plaintiff and the Class Members within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

53.     At all times relevant, Plaintiff and the Class Members have been covered by the NYLL.

54.     Defendants have failed to pay Plaintiff and the Class Members the overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

55.     Pursuant to the NYLL, Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, Defendants have been required to pay Plaintiff and the Class Members the unpaid overtime wages to the present, under the NYLL §§ 650 *et seq.* and the

supporting New York State Department of Labor Regulations.

56. Through their knowing or intentional failure to pay overtime wages to Plaintiff and the Class Members, Defendants willfully violated the NYLL, Article 19, §§650 *et seq.*, and the supporting New York State Department of Labor Regulations.

57. Due to Defendants' willful violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

<u>**COUNT THREE**</u>
**(Failure to Pay Spread of Hours – NYLL, Brought by Plaintiff on Behalf of Himself and the Class Members)**

58. Plaintiff, on behalf of himself and the Class Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

59. During her employment, Plaintiff and the Class Members frequently worked a spread of more than ten hours in a workday.

60. Defendants willfully failed to compensate Plaintiff and the Class Members with an extra hour's pay at the basic New York minimum hourly wage rate on days in which the length of his workday was more than ten hours, as required by New York law.

61. Through their knowing or intentional failure to pay Plaintiff and Class Members spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

62. Due to Defendants' willful violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants his unpaid spread-of-hour wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and

post-judgment interest.

## COUNT FOUR
### (Wage Notice Violations)

63.     Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

64.     Defendants failed to furnish Plaintiff and the Class Members with wage notices as required by NYLL §195(1), in English or in the language identified by each employee as their primary language, at the time of hiring and with any change in pay, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and  a  mailing address  if  different;  the  telephone  number  of  the  employer;  plus  such other information as the commissioner deems material and necessary

65.     Due to Defendants' violations of NYLL §195(1), Plaintiff and the Class Members are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiffs and the Class Members with proper wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL §198(1-b).

## COUNT FIVE
### (Wage Statement Violations)

66.     Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

67.     Defendants failed to furnish Plaintiff and the Class Members with an accurate statement with every payment of wages as required by NYLL §195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

68.     Due to Defendants' violations of NYLL §195(3), Plaintiffs and the Class Members are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiffs and the Class Members with proper wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL §198(1-d).

## JURY DEMAND

Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs, and the Class Members, demands a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial.

## BCL §630 NOTICE AND DEMAND

Pursuant to New York Business Corporation Law ("BCL") §630, Plaintiff hereby advises that it intends to hold ISG's top ten shareholders and/or members liable for the unpaid wages referenced herein.  Further, Plaintiff demands that ISG permit an examination of its record of shareholders under BCL §624 so that liability may be imposed on its top ten shareholders for the unpaid wages referenced herein.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, and behalf of himself, the FLSA Collective Plaintiffs, and the

Class Members, prays for relief as follows:

A.      Awarding Plaintiff damages for the amount of unpaid wages under the FLSA

and/or the NYLL, including unpaid minimum wages, overtime wages and spread of hours;

B.      Awarding Plaintiff liquidated damages in an amount equal to wages owed and

other statutory remedies pursuant to the NYLL;

C.      Awarding pre- and post-judgment interest as permitted under the law;

D.      Awarding the costs of this action together with reasonable attorneys' fees; and

E.      Granting such other and further relief as this Court deems necessary and proper.

Dated:  December 8, 2022
        Syosset, New York

Respectfully submitted,
**LAW OFFICES OF YALE POLLACK, P.C.**

By: */s/ Yale Pollack*
          Yale Pollack, Esq.
66 Split Rock Road
Syosset, New York 11791
(516) 634-6340
ypollack@yalepollacklaw.com

*Attorneys for Plaintiff, FLSA Collective Plaintiffs
   and the Class Members*