

# Law Offices of Yale Pollack, P.C.

66 Split Rock Road
Syosset, New York 11791
Phone: (516) 634-6340
Fax: (516) 634-6341
www.yalepollacklaw.com

Yale Pollack, Esq.
ypollack@yalepollacklaw.com

December 6, 2023

**VIA ECF**
Hon. Gary R. Brown
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New Yokr 11722

    *Re:*    *Ventura v. ISG 1 Inc. et al*
             *E.D.N.Y. Case No.: 22-cv-07450-GRB-LGD*

Dear Judge Brown:

    We represent the plaintiff Nelson Venura ("Plaintiff"), in the above-referenced action. We respectfully submit this joint letter motion on behalf of Plaintiff and with the consent of Defendants (Plaintiff and Defendants, collectively, the "Parties") seeking approval of the Parties' negotiated settlement agreement (attached hereto as Exhibit A) ("the Agreement") pursuant to the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) as a fair and reasonable resolution of Plaintiff's Fair Labor Standards Act ("FLSA") claims.

    In the Complaint filed on December 8, 2022, Plaintiff alleges that he was employed by Defendants ISG 1 Inc., Christine Amoroso, and Vincent Amoroso, Jr. from June 2019 until December 2021 as a laborer. Pursuant to the FLSA and New York Labor Law ("NYLL"), Plaintiff alleges that he worked overtime hours in excess of forty per week at Defendants' construction business, and also asserted NYLL claims for alleged spread-of-hours pay and alleged wage notice/statement statutory penalties.

    After exchanging Phase I discovery, the parties engaged in a mediation conducted with Patrick Michael McKenna on November 8, 2023. During said mediation, the parties were able to come to a resolution of the claims, with a settlement payment to be made in the amount of $24,000.00, including of all damages, attorneys' fees and costs.

    Of the total settlement amount, $15,088.00 will be recovered by Plaintiff for alleged lost wages and liquidated damages, while the remaining $8,912.00 will be recovered by Plaintiff's counsel as attorneys' fees and costs (consisting of $8,000.00 in attorneys' fees and $912.00 in

costs[1]). The settlement is the result of mediation and an arm's-length negotiation between the Parties, in which both sides were represented by counsel with extensive experience in wage-and-hour litigation. The Agreement reflects a fair and reasonable settlement to compensate Plaintiff for his alleged FLSA claims and is not the product of overreaching.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting Crabtree v. Volkert, Inc.,* 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting Le v. SITA Info. Networking Computing USA, Inc.*, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v Scholastic Inc.*, 900 F Supp 2d 332, 335 (SDNY 2012) (*quoting Medley v. Am. Cancer Soc.*, No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The settlement will enable the parties to avoid anticipated burdens and expenses in establishing respective claims and defenses through further litigation and at trial. This settlement is the result of mediation and negotiation. The Parties were represented by counsel throughout this lawsuit and made an informed decision to settle the action, without incurring the costs or encumbrance of trial. There is no possibility of fraud or collusion as the Parties settled only after the production and review of substantial documentation followed by extensive negotiations through their respective counsel.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (*quoting Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

The Agreement also complies with the requirements set forth in *Cheeks* and prevailing Second Circuit case law that has developed since. Specifically, the Agreement includes only a limited release of Plaintiff's wage and hour claims, rather than a broad general release, and does not contain any confidentiality covenants.

---

[1] $402 filing fee for Complaint, $210 process server, and $300 mediation fee.

Hon. Gary R. Brown
December 6, 2023
Page 3

In light of the contested factual and legal disputes, Plaintiff believes that the settlement is reasonable and should be approved.

## PLAINTIFF'S ATTORNEYS' FEES ARE FAIR AND REASONABLE

Pursuant to the Agreement, Plaintiff's counsel will receive $8,912.00 in attorneys' fees and costs, which represents one third of the total recovery in this settlement, plus costs. This amount is fair and reasonable and well within the range of fees typically awarded to attorneys in cases in this Circuit. "Courts in this district typically approve fee requests of one-third of the total settlement amount." *Williams v Arqenta Inc.*, 2018 US Dist. LEXIS 212914, at *6 (SDNY Aug. 10, 2018) (*citing Thornhill v. CVS Pharmacy, Inc.*, No. 13 Civ. 5507, 2014 U.S. Dist. LEXIS 37007, 2014 WL 1100135, at *3 (S.D.N.Y. Mar. 14, 2014) (collecting cases)); *see also Himrod v Cygnus Med., LLC*, 2020 US Dist. LEXIS 502, at *7 (SDNY Jan. 2, 2020) (*citing Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007, 2015 U.S. Dist. LEXIS 166890, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)); *see also Antonio Alonso, Plaintiff, v. Le Bilboquet NY, LLC, et al.*, No. 16-CV-8448 (JMF), 2017 WL 445145, at *1 (S.D.N.Y. Feb. 1, 2017) (Granting plaintiff's attorney one-third of the settlement amount wherein "it is consistent with a commonly approved percentage, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and counsel")(internal citations omitted); *See Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"); *Alvarez v Sterling Portfolio Inv. L.P.*, 2017 US Dist. LEXIS 206043, at *16 (E.D.N.Y. Dec. 13, 2017) (one-third attorney fee is typical with no requirement for a lodestar cross check).

The amount sought by Plaintiff's counsel under this settlement is fair and reasonable and well within the range of fees typically awarded in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'— particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiff's attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit.").

For the purposes of this settlement, Defendants take no position with respect to Plaintiff's counsel's request for attorneys' fees. In light of the nature of the issues herein and the extensive negotiations necessary to reach the agreed-upon settlement and given Plaintiff's counsel's significant experience representing clients in wage and hour litigation, Plaintiff's counsel was able to obtain a favorable pre-trial result following the Parties' cooperative exchange of information

Hon. Gary R. Brown
December 6, 2023
Page 4

and extensive negotiations, including mediation. Accordingly, Plaintiff's counsel submits that the attorneys' fees component of the settlement is fair and reasonable.

## CONCLUSION

In full consideration of the issues presented in both *Cheeks* and *Wolinsky,* we believe that the Parties' Agreement is fair and reasonable and that the settlement should be approved and the case dismissed with prejudice, with the Court retaining jurisdiction over the settlement for purposes of enforcement of the Agreement.

We thank the Court for its time and attention to this matter.

Respectfully submitted,
Law Offices of Yale Pollack, P.C.

_____
Yale Pollack, Esq.

Enclosure